IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shanda Tate, *a/k/a Shanda Willette Tate*, <br><br>Plaintiff, <br><br>v. <br><br>Spartanburg Regional Healthcare System, Kelsi Howard, O'Neil Berry, <br><br>Defendants. | Case No. 7:20-cv-03750-DCC <br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's Complaint alleging a claim for discrimination under Title VII of the Civil Rights Act of 1964. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On October 30, 2020, the Magistrate Judge issued a Report recommending that the action be summarily dismissed without issuance of service of process. ECF No. 7. Plaintiff filed objections to the Report, a letter, and a pro se motion for damages.[1] ECF Nos. 10, 11, 12.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] The Court reviewed the letter and pro se motion and concluded that they did not contain additional objections.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As explained in more detail by the Magistrate Judge, Plaintiff contends that the Defendants discriminated against her in March 2020 by failing to hire her, terminating her employment, imposing unequal terms and conditions on her employment, and engaging in retaliation. She states that she was denied employment by Defendant Spartanburg Regional Healthcare System ("SRHS") in 2015 because she had prior criminal charges on her record that were less than seven years old. She worked for SRHS in 2016 and 2018. Plaintiff contends that, at some point, she was told by Defendant Howard that she could be a "rehire" and that Defendant Howard would call her with additional information. She asserts that when Defendant Howard called her, she was told that she could not be rehired because she had multiple felony convictions.

Title VII makes it illegal for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). To establish a prima facie case of discrimination under Title VII, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action with respect to compensation; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC,* 375 F.3d 288, 295 (4th Cir. 2004). In the present action, Plaintiff states that she has been discriminated against; however, the only allegation in the Complaint or the objections as to the basis of the discrimination is Plaintiff's assertion that she was denied employment because of her prior felony convictions. Because "status as a convicted felon is not a protected class under Title VII," Plaintiff's claim must fail. *See Dixon v. Ramirez*, C/A No. 2:12-cv-00137, 2012 WL 8441425, at *1 (E.D. Va. July 18, 2019), *aff'd*, 509 F. App'x 258 (4th Cir. 2013).

Accordingly, the Court overrules Plaintiff's objections and adopts the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice and without issuance of service of process.[2] Plaintiff's pro se motion for damages [12] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

---

[2] The Court finds that Plaintiff cannot cure the deficiencies in her Complaint and allowing Plaintiff to amend her pleadings would be futile. Therefore, the undersigned declines to give Plaintiff an opportunity to amend. *See Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018).

January 29, 2021
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.